

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2008

# Elhattab v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4878

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Elhattab v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1633.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1633

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4878
_____

ALLAELDIN ELHATTAB,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A75-872-143)
Immigration Judge: Honorable Alberto J. Riefkohl

Submitted Under Third Circuit LAR 34.1(a)
February 1, 2008

Before: RENDELL and CHAGARES, <u>Circuit</u> <u>Judges</u>,
and POLLAK, *<u>District Judge</u>.

_____

(Filed:   February 7, 2008)
_____

OPINION OF THE COURT
_____

---

*Honorable Louis H. Pollak, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

CHAGARES, <u>Circuit Judge</u>.

Allaeldin Elhattab petitions for review of a final order of removal issued by the Board of Immigration Appeals (BIA). Elhattab claims that the BIA abused its discretion, both in denying his initial motion to reopen and in failing to reopen his claim for adjustment of status on its own initiative. As Elhattab's contentions are without merit, we will deny his petition for review.

I.

As we write mainly for the parties, we only briefly recite the facts. Allaeldin Elhattab, a native and citizen of Egypt, entered the country in 1993 as a non-immigrant visitor and remained after his visa expired. Elhattab attempted to adjust his status, based on his marriage to his first wife but the district director denied the petition. At subsequent removal proceedings, Elhattab attempted again to adjust his status, now based on a potential new marriage to a United States citizen, but the Immigration Judge (IJ) ordered Elhattab removed on March 2, 2005. The IJ noted that Elhattab intended to divorce his first wife and marry his fiancé and thus "does not have any viable application for adjustment of status at the present, since he is still married to his first wife and obviously cannot marry his second prospective wife or his fiancé at the present time." Appendix (App.) 166.

Elhattab subsequently appealed to the BIA. The BIA affirmed the IJ's decision on May 19, 2006, noting that Elhattab failed to submit evidence to prove that the marriage to

2

his second wife was bona fide. On July 10, 2006, Elhattab filed a motion to reopen, which the BIA ultimately denied, for largely the same reason.[1]

Finally, on September 20, 2006, Elhattab filed another motion to reopen/reconsider, arguing, among other things, that the BIA erred in concluding that he did not establish the bona fides of his marriage. The BIA held that, to the extent his motion was a motion to reconsider, Elhattab failed to show error in the BIA's prior decision; to the extent Elhattab's motion requested reopening, the motion was untimely and numerically barred, since it was filed more than 90 days after the BIA's May 19, 2006 decision and was Elhattab's second motion to reopen. Elhattab appeals from this decision by the BIA.

## II.

Elhattab's main contention on appeal is that the BIA abused its discretion in failing to reopen his case. The BIA has the authority, under 8 C.F.R. § 1003.2, to reopen a case *sua sponte*, and so, Elhattab argues, the BIA should have done so in light of the "overwhelming evidentiary proof regarding the bona fides of his marriage." Appellant Br. at 10. However, as we made clear in Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003), "[b]ecause the BIA retains unfettered discretion to decline to *sua sponte* reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case." See

---

[1] Indeed, the affidavit Elhattab filed attesting to the validity of his current (second) marriage seems to have been prepared in support of a previous application for adjustment of status because it refers to Cecilia, his ex-wife. App. 97-98.

<u>also</u> 8 C.F.R. § 1003.2(a). Accordingly, we lack jurisdiction to entertain this part of Elhattab's appeal.

III.

Elhattab's subsidiary argument is that the BIA abused its discretion in denying his initial motion to reopen. As we have held, decisions by the BIA to deny a motion to reopen "will not be disturbed unless they are found to be 'arbitrary, irrational or contrary to law.'" <u>See</u> <u>Tipu v. INS</u>, 20 F.3d 580, 582 (3d Cir. 1994).

In its order of November 1, 2006, the BIA reaffirmed its denial of Elhattab's initial July 16, 2006 motion to reopen. In that prior decision, the BIA found that Elhattab failed to provide sufficient evidence to establish the bona fides of his marriage. Specifically, the BIA pointed to Elhattab's failure to submit documentary evidence to establish the commingling of financial resources or a common residence, and his failure to submit a divorce decree from his alleged earlier divorce. Elhattab now argues that because he had only been married for a short time when he submitted the documentation supporting his marriage, much of the information the BIA sought to consider was unavailable to him.

Elhattab's argument is undercut by the fact that his subsequent motion contained documents showing joint accounts and a residential lease, both of which *predated* his initial motion to reopen. App. 60, 61, 62, 68, 74. As he was in possession of the very documents he should have submitted to support his initial motion, Elhattab's argument is without merit. Accordingly, the BIA did not act arbitrarily, irrationally, or contrary to law when it denied his initial motion, and we will deny his petition for review.

4